UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATTI WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:12-cv-2975-M |
| | § | |
| LUMINATOR HOLDINGS, LP, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Second Amended Motion to Dismiss [Docket Entry #15], filed by Defendant Luminator Holdings, LP ("Luminator"), and the Motions to Seal [Docket Entries Nos. 8, 12, 18], filed by Plaintiff Patti Williams ("Williams"). For the reasons stated below, the Motions to Seal are **GRANTED**, and the Motion to Dismiss is **DENIED**. However, pursuant to 28 U.S.C. § 1406(a), the Court **TRANSFERS** this action, in the interest of justice, to the Eastern District of Texas, Sherman Division, for all future proceedings.

I. Venue

   A. Background

On August 7, 2012, Williams filed her Original Complaint [Docket Entry #1], alleging that Luminator fired her for taking leave under the Family Medical Leave Act ("FMLA"). Williams also alleged that venue was proper in this district because "a substantial part of the events or omissions giving rise to the claim occurred in Dallas County." Original Compl. 2. Luminator moved to dismiss the case for improper venue under Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a), or alternatively, to transfer the case to the Eastern District of Texas. In her response [Docket Entry #9], Williams opposed outright dismissal, but not transfer to another

district.  In fact, in her Amended Complaint [Docket Entry #14], Williams conceded that venue is proper in the Eastern District of Texas, and that "she mistakenly filed this case in the wrong district."  Am. Compl. 2, n. 1.  However, Luminator removed the request for a transfer from its Amended Motions to Dismiss [Docket Entry Nos. 10, 15], and thus moves solely for dismissal.

B.  Discussion

The Court agrees with the parties that based on the allegations and evidence submitted to date, venue is proper in the Eastern District of Texas, and not in this district.  Luminator is a Delaware corporation with its principal place of business in in Collin County, Texas, which is in the Eastern District of Texas.  Luminator has no operations in this district, and employed Williams only in Collin County.  Williams lived in Collin County during her employment, requested FMLA leave there, and had a healthcare certification related to her FMLA leave completed there as well.  No events or omissions forming the basis of the lawsuit were identified as having occurred in the Northern District.

Given that the parties agree that proper venue for this lawsuit was in the Eastern District of Texas, and that no other basis for dismissal has been raised, the Court finds that the interests of justice favor transfer rather than dismissal.  *See* 28 U.S.C. § 1406(a) (authorizing district courts to dismiss, or, in the interests of justice, to transfer a case brought in the wrong district to a district or division where venue is proper).  Dismissal of this case would require Plaintiff to refile in the Eastern District of Texas, which would needlessly delay the outcome.

II.  Motions to Seal

A.  Background

In connection with her request for leave under the FMLA, Williams submitted to Luminator a Certification of Health Care Provider for Employer's Serious Health Condition (the

"medical record"), a standard form provided by the Department of Labor. Luminator attached identical redacted copies of that document as Exhibit A to its three Motions to Dismiss. Def.'s Mot., Ex. A; Def.'s Am. Mot., Ex. A; Def.'s Second Am. Mot., Ex. A. Williams argues that the medical record, and any discussion of Williams's medical history, is protected by a confidentiality provision of the Americans with Disabilities Act ("ADA"), and thus moves to seal the appendices to the three Motions to Dismiss. Luminator claims that by bringing this suit Williams put her medical condition in issue, and waived any protection of confidentiality.[1]

B. Discussion

"[B]ased on the nature of democracy and the 'citizen's desire to keep a watchful eye on the workings of public agencies,'" there is a presumption that judicial records are to be kept open to the public. *USA v. Abdallah*, No. H–07–155, 2009 WL 2246156, at *2 (S.D. Tex. July 24, 2009) (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)). Nevertheless, the public's right to access court records is not absolute, and district courts have the discretion to seal documents if the interest favoring nondisclosure outweighs the presumption in favor of the public's common law right of access. *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993); *Belo Broad. Corp. v. Clark*, 654 F.2d 423 (5th Cir. 1981); *United States v. Raybould*, 130 F. Supp. 2d 829, 831 (N.D. Tex. 2000). The need to protect sensitive personal and medical information is among those that courts have found to justify nondisclosure.[2] *Abbey*

---

[1] Luminator also apparently interprets Williams's Motions as an effort to prohibit Luminator from referencing her medical information or otherwise using it to defend itself. Def.'s Resp. to Pl.'s Mot. to Seal Docket Entries 8 and 12, 3. That, of course, is not the effect of sealing court documents, and is not what the Court understands Williams to be requesting. Sealing a document does not remove it from the Court's consideration; it simply prevents public access.

[2] Rather than explain why this balancing test favors nondisclosure, Williams focuses on a provision of the ADA that requires employers to keep confidential information about an employee's health that an employer learns as a result of its own inquiry. *See* 42 U.S.C. § 12112(d). Williams has not presented sufficient evidence for the Court to determine whether she

*v. Hawaii Employers Mut. Ins. Co. (HEMIC)*, 760 F. Supp. 2d 1005 (D. Haw. 2010), *on reconsideration in part* (Feb. 7, 2011) (finding that protecting medical privacy satisfied the "compelling" reason standard governing motions to seal in the Ninth Circuit); *Lombardi v. TriWest Healthcare Alliance Corp.*, CV 08–02381, 2009 WL 1212170, at *1 (D. Ariz. May 4, 2009) (same); *USA v. Pella*, No. 2:06–mj–06–RJJ, 2012 WL 5287898, at *1 (D. Nev. Oct. 24, 2012) (same).

At some point, the reason for Williams's FMLA leave, and other information contained in the medical record, may become relevant to Luminator's defense, but at this stage, it is not. The only evidence that relates to Luminator's Motion to Dismiss for Improper Venue is the Plano address of her treating physician, which is found on the fax cover sheet.[3] Williams concedes that venue is proper in the Eastern District of Texas, and the Court has resolved that issue. Moreover, the Declaration of Greg Evans, also found in the appendices to the Motions to Dismiss, provides another basis for the Court to conclude that Williams's treating physician worked in Plano. Def.'s Mot. Appx., at 1 ("According to the paperwork she submitted to Luminator, her physician who completed her Certification of Healthcare Provider paperwork for her FMLA leave works in Plano, Texas."). Therefore, the medical record contains no information that would be of significant value to the public in understanding this case or this Court's reasoning.

Although Luminator redacted portions of the medical record, private information remains. At this stage in the litigation, Williams's interest in protecting this information

---

submitted her form voluntarily or in response to Luminator's request, and therefore, whether the ADA protects her medical record as confidential. Nor has she provided any argument that the court must seal a document that is so protected. Nevertheless, because the Court finds that the balancing test weighs in favor of nondisclosure, it need not decide whether the ADA confidentiality provision applies, and if so whether it compels sealing the protected record.
[3] Plano is located in Collin County, TX.

Page **4** of **5**

outweighs the public's minimal interest in viewing it. Accordingly, the Court directs the Clerk of Court to place the following documents, which contain or refer to Williams's private medical information, under seal: (1) The appendices to the three Motions to Seal [Docket Entry Nos. 7, 11, 16]; and (2) Luminator's response to Williams's Motion to Seal [Docket Entry #13]. The Court notes that, in addition to the medical records, the appendices include copies of the Declaration of Gregg Evans. Because the Court is unable to seal selected portions of electronically-filed documents, the Court must seal the Evans Declaration as well. The court presiding after the case is transferred may decide whether to require filing of a second appendix to the Second Amended Motion to Dismiss containing only the unsealed Evans Declaration.

## III. Conclusion

The aforementioned documents should be **PLACED UNDER SEAL**, and this case should be **TRANSFERRED** to the Eastern District of Texas, Sherman Division.

**SO ORDERED**.

November 21, 2012.

**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**